M D Asraf Uz ZAMAN, a.k.a. Mohammed Asraf Uz Zaman, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74616.
Agency No. A75–980–313.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 7, 2005.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

NVL–District Counsel, Office of The District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

### MEMORANDUM ***

M D Asraf Uz Zaman, a native and citizen of Bangladesh, petitions for review

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's and IJ's decisions. The discrepancies listed by the BIA and IJ, including the contradiction between Zaman's testimony regarding his passport and his testimony before the asylum officer, are supported by substantial evidence. *See Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004). Moreover, Zaman's testimony was implausible and contradictory to that of his own witness. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999).

Because Zaman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

As Zaman "points to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Zaman's argument that the BIA incorrectly cited a State Department Profile is irrelevant because even if that portion of the credibility finding were invalid, the remaining reasons are supported by substantial evidence. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner]'s claim of persecution, we are bound to accept the IJ's adverse credibility finding").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.